McCormick Harvesting Mach. Co. v. Snedigar *et al.*

Where the court has acquired no jurisdiction of the administrator of an estate or of the subject-matter of the litigation, it has no power to substitute another party to the action, and a motion moved for that purpose will be overruled.

(Syllabus by the Court.   Opinion filed March 22, 1893.)

40—S. D.

Appeal from circuit court, Kingsbury county. Hon. J. O. ANDREWS, Judge.

Action by the McCormick Harvesting Machine Company against Henry F. Snedigar and Charles F. Whitney, administrator of John S. Tuttle, deceased, on promissory notes. There was judgment for plaintiff, and defendant Whitney appealed. The appeal being dismissed, (53 N. W. Rep. 83,) Whitney moved to amend it. Motion denied.

No briefs filed.

*Melville & Langley,* for the motion.

*J. E. Diamond, J. F. Watson* and *S. B. Van Buskirk, contra.*

BENNETT, P. J. This cause came to us on appeal at the April term, 1892. A motion was filed by the respondent to dismiss the appeal for the reason that, long before the appeal was taken, Whitney, the administrator of one of the defendants, had resigned and been discharged, and his securities released from liability on that account. The purported appeal was taken by Whitney as such administrator. Upon the hearing the appeal was dismissed, and an opinion filed October 4, 1892, stating that an appeal by and in the name of an administrator, taken after he has been fully discharged as such, and a new administrator has been appointed and qualified, gives the appellate court no jurisdiction over the estate, and will be dismissed. The appellants now ask that the appeal be amended by inserting the name of Grace Edmunds in the title of the case in lieu of Charles F. Whitney, and substitute the word "administratrix" for the word "administrator." We cannot see how we can comply with the request, as we have declared that we have acquired no jurisdiction of the administrator by virtue of the attempted appeal made by the former administrator, Whitney. The case not being in our court, we have no power of substitution or otherwise. If this cause of action had ever been properly in our court by appeal, and one of the parties had died or become disqualified to act pending the appeal, then this court could exercise its power to

bring the legal representative into the case as one of the incidents of the exercise of its jurisdiction. The section of the Compiled Laws (4881) cited by the appellants can have no effect in the case at bar. The provisions of the statute have reference solely to causes where the death or disability of the party occurs prior to the determination of the cause; and the court in which the case is pending, upon notice to such person as it may direct, may, in its discretion, order the action to abate, unless the same be continued by the proper parties. But all these proceedings are contemplated by a court then having jurisdiction of the action. We regret our inability to grant the request of the appellant, because of the large amount involved in the controversy, and from the fact that the dismissal of the appeal leaves the appellant without its benefit, as the right of appeal has been lost by the lapse of time. Having no jurisdiction, we can make no order in the case. The motion for substitution is denied.