913 F.2d 835
 17 Fed.R.Serv.3d 1042
 John E. GRANDBOUCHE; John Voss, Personal Representative of
the Estate of John Grandbouche, Plaintiffs-Appellants,
v.
Larry LOVELL; Kenneth Batson; Vernon Pixley; Kathleen
Budd; Alan Dougan; Dave Black; Tim Fortune; Nick
Difalco; John Ottinger; Bob Ely, all special agents for
the Internal Revenue Service; Steve Simmer; Bob Glenn,
Inspectors for the Internal Revenue Service; Larry Hyatt,
Chief of Internal Revenue Service, Criminal Investigation
Division, Defendants-Appellees.
 No. 89-1359.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 6, 1990.
 
 Jennifer A. Greene and William A. Cohan, Cohan & Greene, Denver, Colo., for plaintiffs-appellants.
 Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Kenneth L. Greene, and Howard M. Soloman, Tax Div., Dept. of Justice, Washington, D.C. (Michael J. Norton, U.S. Atty., Denver, Colo., of Counsel), for defendants-appellees.
 Before SEYMOUR, BRORBY and EBEL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the district court's order dismissing this action for failure to file a timely motion for substitution pursuant to Fed.R.Civ.P. 25(a)(1).[1] The district court initially dismissed this action when plaintiff Grandbouche failed to comply with a discovery order. See Grandbouche v. Clancy, 825 F.2d 1463, 1464 (10th Cir.1987). While the appeal of that decision was before this court, plaintiff Grandbouche died. See id. at 1465. This court, after requesting that the parties file supplemental briefs addressing the effect of the death of plaintiff Grandbouche on the instant action, ultimately determined that the action survived plaintiff's death, vacated the district court's order of dismissal, and remanded the action to the district court. Id. at 1465, 1467.
 
 
 2
 On September 5, 1989, defendants filed with the district court a motion to dismiss this action for failure to file a timely motion to substitute a proper party for the deceased plaintiff. Immediately thereafter the personal representative of decedent's estate filed a motion to substitute himself as a party-plaintiff in this action. The district court denied the motion for substitution and granted defendants' motion to dismiss. Plaintiffs appeal.
 
 
 3
 Federal Rule of Civil Procedure 25(a)(1) provides that
 
 
 4
 [i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.
 
 
 5
 Prior to its amendment in 1963, Rule 25(a)(1) required a court to dismiss an action if no motion for substitution had been filed within two years of the death of a party. See, e.g., Rende v. Kay, 415 F.2d 983, 984 (D.C.Cir.1969). In order to alleviate the inequities caused by the inflexibility of this rule, see id. at 984, Rule 25(a)(1) was amended to require a motion for substitution to be filed within ninety days from the time a suggestion of death is filed in the district court and properly served. See United States v. Miller Bros. Constr. Co., 505 F.2d 1031, 1034-35 (10th Cir.1974); see also 7C Wright & Miller, Federal Practice and Procedure Sec. 1955 (2d ed. 1986).
 
 
 6
 Defendants assert that a sufficient suggestion of death was made under Rule 25(a)(1) in the appellate proceedings addressing the effect of plaintiff's death on this action.
 
 
 7
 The suggestion of the decedent's death was spread on the record approximately two years earlier by this Court's order requiring supplemental briefs, the supplemental brief of the defendants, this Court's decision in Grandbouche I, [825 F.2d 1463], and the docket entry thereof. Each of these documents was entered in the record of the case and was served on counsel for the estate. Under these circumstances, the purpose of requiring that a party's death be suggested on the record was clearly satisfied.
 
 
 8
 Appellees' Brief at 9. We disagree.
 
 
 9
 The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death. See Miller Bros., 505 F.2d at 1034-35. Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution. See, e.g., Kaldawy v. Gold Serv. Movers, Inc., 129 F.R.D. 475, 477 (S.D.N.Y.1990) (court's order noting plaintiff's death and placing case on suspended calendar, which was mailed to counsel for all parties, including decedent's counsel, insufficient to trigger the ninety-day limitations period); Tolliver v. Leach, 126 F.R.D. 529, 530-31 (W.D.Mich.1989) (defense counsel's statement concerning defendant's death, made on record during discovery conference, insufficient to trigger limitations period); Gronowicz v. Leonard, 109 F.R.D. 624, 626-27 (S.D.N.Y.1986) (letter from party's attorney to court notifying court of party's death insufficient suggestion of death to trigger limitations period).
 
 
 10
 Further, a suggestion of death must be served in accordance with Rule 25(a)(1). See Miller Bros., 505 F.2d at 1034-35. Defendants argue that the requirement of service was satisfied in the instant case during the initial appellate proceedings because the supplemental briefs and this court's order were served on the attorneys for the parties, including decedent's attorney who is also the attorney for decedent's estate. While service of a suggestion of death on counsel will satisfy the requirement of Rule 25(a)(1) for service of parties to the litigation, the service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to Fed.R.Civ.P. 4. See Fariss v. Lynchburg Foundry, 769 F.2d 958, 961 (4th Cir.1985) (to satisfy Rule 25(a)(1), motion for substitution or suggestion of death must be personally served on nonparty representative of deceased, rather than deceased's attorney); see also 7C Wright & Miller, Federal Practice and Procedure Sec. 1955 (2d ed. 1986).
 
 
 11
 In the instant case, because the personal representative of decedent's estate did not receive service of any purported suggestion of death, the ninety-day limitations period did not begin to run. See Miller Bros., 505 F.2d at 1034-35. Plaintiffs' motion for substitution was thus timely filed.
 
 
 12
 The order of the United States District Court for the District of Colorado denying plaintiffs' motion for substitution and granting defendants' motion to dismiss is REVERSED, and the case is REMANDED to the district court for proceedings consistent with this opinion.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument