967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carole BRADEN; Juanita Raymos; Christine Chrapowicz;
Wanda Brooks, Plaintiffs-Appellees,
v.
PLUMBING & PIPEFITTING INDUSTRY LOCAL 38 CONVALESCENT TRUST
FUND, dba Konocti Harbor Inn, Defendant-Appellant.
Carole BRADEN; Juanita Raymos; Christine Chrapowicz;
Wanda Brooks, Plaintiffs-Appellees,
v.
PLUMBING & PIPEFITTING INDUSTRY LOCAL 38 CONVALESCENT TRUST
FUND, dba Konocti Harbor Inn, Defendant,
and
Aristocrat Hotels, Inc., Defedant-Appellant.
Carole BRADEN; Juanita Raymos; Christine Chrapowicz;
Wanda Brooks, Plaintiffs-Appellees,
v.
PLUMBING & PIPEFITTING INDUSTRY LOCAL 38 CONVALESCENT TRUST
FUND, dba Konocti Harbor Inn, Defendant,
and
Joseph Mazzola, Defedant-Appellant,
Carole BRADEN; Juanita Raymos; Christine Chrapowicz;
Wanda Brooks, Plaintiffs-Appellees,
v.
PLUMBING & PIPEFITTING INDUSTRY LOCAL 38 CONVALESCENT TRUST
FUND, dba Konocti Harbor Inn; Joseph Mazzola;
Aristocrat Hotels, Inc., Defendants-Appellants,
Carole BRADEN; Juanita Raymos; Christine Chrapowicz;
Wanda Brooks, Plaintiffs-Appellants,
v.
PLUMBING & PIPEFITTING IND LOCAL 38 CONVALESCENT TRUST FUND,
dba Konocti Harbor Inn; joseph P. Mazzola;
Aristocrat Hotels, inc., Defendants-Appellees.
 Nos. 90-16634, 90-16635, 90-16637, 91-15457 and 91-16152.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1992.
Decided June 24, 1992.
 
 1
 Before CHAMBERS, TANG and PREGERSON Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 This is a sex discrimination and retaliation case filed under Cal.Govt.Code § 12940 based on Konocti Harbor Inn's policy of hiring only male waiters for the 1986 summer season. The Konocti Harbor Inn ("KHI") is a resort complex in rural Lake County, in Northern California. It is owned and operated by the Convalescent Trust Fund ("Trust Fund") of U.A. Local 38 of the Plumbing and Pipefitting Industry. Joseph P. Mazzola was the leader of Local 38.[1] Aristocrat Hotels, Inc. ("Aristocrat") managed KHI from March 1987 through the 1988 season. Plaintiffs are four women, Carole Braden, Juanita Raymos, Christine Chrapowicz and Wanda Brooks, who had worked at KHI prior to 1986.
 
 
 4
 In November 1989, the district court granted summary judgment in favor of the plaintiffs and against the Trust Fund and Aristocrat on the issue of retaliation. The jury trial commenced in June 1990. Prior to submitting the case to the jury, the district court granted the plaintiffs' motion for a directed verdict on the issue of the Trust Fund's and Aristocrat's liability for unlawful sex discrimination. The jury subsequently returned a verdict in favor of the plaintiffs and against Mazzola, finding that Mazzola had discriminated against the plaintiffs on the basis of their sex. The district court denied the defendants' motions for Judgment Notwithstanding the Verdict and New Trial. The district court then awarded attorneys' fees to the plaintiffs.
 
 
 5
 We affirm the district court in all aspects.
 
 
 6
 Jurisdiction: Defendants assert that the district court should have remanded this case to the state court once the plaintiffs voluntarily dismissed their federal claims. The judgment of the district court "ought not be lightly disturbed." Schneider v. TRW, Inc., 938 F.2d 986, 994 (9th Cir.1991). See also Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985). Given the time and judicial resources already invested in the case, the district court did not abuse its discretion by retaining jurisdiction over the case.
 
 
 7
 Sufficiency of Notice of Death upon the Record: Defendants put the notice of death of Mazzola on the very last page of the Defendants' Supplemental Responses to Plaintiffs' Fourth Set of Requests to Admit, Interrogatories and Request for Production of Documents. Defendants contend this constitutes sufficient suggestion of death under Fed.R.Civ.P. 25(a) and therefore, Plaintiffs failed to file before the statute of limitations expired.
 
 
 8
 The Ninth Circuit has not addressed this issue of sufficiency of notice. However the Tenth Circuit has found that the "running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death." Grandbouche v. Lovell, 913 F.2d 835, 836 (10th Cir.1990) (per curiam). We adopt that rule and find that no formal suggestion of death was made on the record and therefore the statute of limitations had not run.
 
 
 9
 Admission of California Department of Employment and Fair Housing ("CDEFH") Right-to-Sue Letter: Defendants argue that plaintiff Braden's CDEFH complaint was not filed within the one year limitation. However, at trial the district court admitted into evidence the CDEFH right to sue letter which indicated on its face that her complaint was timely filed. At trial Braden testified that she filed with the CDEFH in 1986 and that the wrong violation date on her 1987 CDEFH complaint was an innocent mistake. The district court was in the best position to judge credibility. We affirm the district court.
 
 
 10
 Summary Judgment on Retaliation: "Ordinarily, summary judgment should not be granted when there are relevant facts remaining to be discovered, but the party seeking discovery bears the burden of showing what specific facts it hopes to discover that will raise an issue of material fact." Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991) (citing Continental Maritime v. Pacific Coast Metal Trades Dist. Council, 817 F.2d 1391, 1395 (9th Cir.1987)). The summary judgment motion on the issue of retaliation was granted against the Trust Fund and Aristocrat in November 1989, seven months before trial. Defendants argue there was sufficient evidence to defeat a summary judgment motion.
 
 
 11
 At the time of the summary judgment motion, the court had declarations about the rejected job applications; declarations that others had been hired in place of the plaintiffs; an affidavit reporting a direct assault on plaintiff Brooks; and affidavits describing the lack of adequate work hours given to those rehired in 1988 and 1989. The defendants offered no opposing affidavits nor any excuse for failure to do so. Even the district court commented that the summary judgment was granted "because the defendants had not adequately responded to discovery and did not make a legally adequate defense to the partial summary judgment motion at the time it was filed." We affirm the district court's grant of summary judgment.
 
 
 12
 Directed Verdict on Sex Discrimination: The Ninth Circuit reviews a directed verdict under the same standard applied by the district court; such a verdict is proper if, considered in the light most favorable to the non-moving party, the evidence permits only one reasonable conclusion. Peterson v. Kennedy, 771 F.2d 1244, 1256 (9th Cir.1985), cert. denied, 475 U.S. 1122 (1986). Further, to benefit from favorable inferences, the party opposing the directed verdict "must present 'substantial evidence' in support of its claims." Feldman v. Simkins Industries, Inc., 679 F.2d 1299, 1303 (9th Cir.1982). The district court directed a verdict against defendants on the issue of sex discrimination because a prima facie case had been established and the defendants failed adequately to answer or rebut the plaintiffs' evidence. We affirm the district court.
 
 
 13
 Jury Verdict on Damage Awards: The standard for reviewing jury verdicts is whether they are supported by "substantial evidence," that is, such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Oltz v. St. Peter's Community Hospital, 861 F.2d 1440, 1450 (9th Cir.1988).
 
 
 14
 Because of the variety of evidence, including tax records, tip records, and gross income of the dining room, the district court, who had viewed the trial in its entirety, found the jury damage awards reasonable. We cannot disagree.
 
 
 15
 Denial of JNOV: We review de novo the district court's denial of a motion for JNOV. Wilcox v. First Interstate Bank, N.A., 815 F.2d 522, 524-25 (9th Cir.1987). JNOV is appropriate only when the evidence, viewed in the light most favorable to the non-moving party, could not reasonably support the verdict. Locricchio v. Legal Services Corp., 833 F.2d 1352, 1356 (9th Cir.1987). Defendants did not place sufficient evidence in the record to uphold their contentions about Aristocrat. On the other hand, there was sufficient evidence on the record to permit a reasonable jury to find that Aristocrat was in charge of the daily management of KHI. We affirm the district court's denial of the JNOV.
 
 
 16
 Attorneys' Fees: Attorney fee awards are at the discretion of the trial court and are reviewed for abuse of discretion. Cal.Govt.Code § 12965(b).
 
 
 17
 In order to avoid turning the attorney fee proceedings into a second trial, the district court was well within its discretion to deny defendants discovery of plaintiffs' attorneys' time records. Further, the district court was in the best position to judge the reasonableness of the awards. Based on its knowledge of the case, the district court reduced the amount of hours claimed by plaintiffs and reduced the lodestar amount.
 
 
 18
 Defendants claim that the district court abused its discretion because it did not consider the contingency fee arrangement the plaintiffs' attorneys had with the plaintiffs. However, review of contingency fee arrangements is not mandatory. See Blanchard v. Bergeron, 489 U.S. 87, 93-96 (1989).
 
 
 19
 Further defendants claim that the hourly rate awarded was inappropriate for the amount of experience the plaintiffs' attorneys had. However, the district court was presented with affidavits verifying that the proposed hourly rate was consistent with some other practitioners. We affirm the award of attorneys' fees.
 
 
 20
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Mazzola died on August 12, 1989. In January 1990, the plaintiffs substituted the Estate of Mazzola as a party-defendant