1996 SD 68

**Lester K. RIPPLE and Maurine H. Ripple, Plaintiffs and Appellees,**

v.

**Roger WOLD and Nancy Wold, Petitioners and Appellants.**

**No. 19116.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 19, 1995.

Decided June 5, 1996.

Reed C. Richards of Richards & Richards, Deadwood, and John J. Delaney of Johnson Huffman, Rapid City, for plaintiffs and appellees.

Gene N. Lebrun of Lynn, Jackson, Shultz & Lebrun, Rapid City, for petitioners and appellants.

KONENKAMP, Justice.

[¶ 1] On intermediate appeal, defendants contest the trial court's denial of their motion to dismiss plaintiffs' amended complaint. We affirm.

**Facts**

[¶ 2] On November 5, 1992, Lester and Maurine Ripple signed two concurrent agreements, a contract for deed and a personal care agreement, both with Roger and Nancy Wold. The Ripples agreed to sell approximately eighty-seven acres of land to the Wolds for $60,000 and the Wolds agreed to

personally care for the Ripples.[1] For each month they provided personal services, the Wolds were to receive a $250 credit against their monthly payment on the contract for deed. A dispute arose over the level of care required under the personal care agreement. The Ripples brought suit against the Wolds asserting three causes of action: (1) foreclosure of the contract for deed under SDCL 21–50; (2) breach of both the contract for deed and the personal care agreement; and (3) injunctive relief to prohibit the Wolds from living in and possessing the mobile home located on the property.

[¶ 3] On August 15, 1994, the trial court granted the Wolds' motion for summary judgment on the Ripples' foreclosure action, holding that the Wolds had not defaulted on the contract for deed. *But see Norgren v. Olson,* 74 S.D. 394, 53 N.W.2d 612 (S.D.1952); *McGillivray v. Peterson,* 73 S.D. 266, 41 N.W.2d 832 (1950). Later the court dismissed the injunction action in Count III. The Ripples moved to amend their complaint to seek rescission on the contract for deed. The court granted the motion. In response, the Wolds moved to dismiss the rescission claim arguing that in first seeking foreclosure, the Ripples affirmed the contract for deed, so they were barred by the election of remedies doctrine from disaffirming the contract through rescission. The trial court denied the Wolds' motion to dismiss the amended complaint. From this order the Wolds raise the following issue: can the Ripples pursue rescission of a contract after they elected to sue for foreclosure and damages for an alleged breach on the same contract?

### Analysis

[¶ 4] A trial court's decision to permit amendment of pleadings will not be disturbed on appeal absent a clear abuse of discretion which results in prejudice to the nonmoving party. *Kjerstad v. Ravellette Publications, Inc.,* 517 N.W.2d 419, 423 (S.D.

1994); *Tesch v. Tesch,* 399 N.W.2d 880, 882 (S.D.1987). The election of remedies doctrine is deeply rooted precedent in South Dakota. *See U.S. Lumber, Inc. v. Fisher,* 523 N.W.2d 87, 89 (S.D.1994) and cases cited therein. "Election of remedies is not simply a rule of procedure; rather, it is based upon substantive law, birthed in the existence of contracts and the rights derived from those contracts." *Id.* at 89. Yet the doctrine is disfavored and "is ordinarily applied in a strict and limited way." *Gottschalk v. Simpson,* 422 N.W.2d 181, 185 (Iowa 1988). In *U.S. Lumber,* this Court affirmed the trial court's dismissal of the plaintiffs' tort claims when they previously had sought to rescind. Having elected rescission, they were not entitled to sue under alternative theories of fraud, deceit, or misrepresentation.

[¶ 5] This case differs from *U.S. Lumber* in two vital respects. First, in that case plaintiffs notified the other contracting party by letter that they were acting to rescind their agreement. By doing so, the *U.S. Lumber* Court held plaintiffs unequivocally elected their remedy and reaffirmed their election of rescission in their complaint, stating that they "did thereby rescind said agreement by letter dated December 27, 1990." Here the Ripples merely amended their pleadings. Second, the Ripples' initial complaint sought damages under the contract for deed, but it was not until the trial court ruled the contract for deed and the personal service agreement were severable, that the Ripples ascertained the contract for deed may fail for lack of consideration. Further, while not discussed in *U.S. Lumber,* the question of whether the Wolds materially changed their position in reliance upon the Ripples' earlier complaint is compelling in our analysis.

[¶ 6] *I.  Double Recovery*

[¶ 7] Under our rules of pleading a party may pursue alternative remedies so

---

1. At the time this appeal began Lester and Maurine Ripple were 92 and 85 years old, respectively. Maurine died on October 19, 1995 and Lester died on March 5, 1996. In entering into these agreements, the Ripples sought to avoid living in a retirement home: they wanted to remain on their ranch by arranging for someone to provide for their personal care. Payment would be through the sale of their ranch. The Ripples contended they sold their $200,000 ranch to the Wolds for $60,000. The difference in sale price to market price was the value of the alleged consideration for the personal care agreement. This issue was not before us on intermediate appeal.

long as no double recovery is awarded. SDCL 15–6–8(a) provides, "[r]elief in the alternative or of several different types may be demanded." Furthermore, a trial court may permit the amendment of pleadings before, during, and even after trial without the adverse party's consent. *Kjerstad*, 517 N.W.2d at 423 (citing *Tesch*, 399 N.W.2d at 882). SDCL 15–6–15(a) declares "leave [to amend] shall be freely given when justice so requires." The purpose of the election of remedies doctrine is not to block recourse to any particular remedy but to prevent duplicate recovery for a single wrong. *Riverview Co-op., Inc. v. First Nat. Bank and Trust Co. of Michigan*, 417 Mich. 307, 337 N.W.2d 225, 226–27 (1983); *Vesta State Bank v. Indep. State Bank*, 518 N.W.2d 850, 855 (Minn. 1994). Legal commentary supports this proposition:

> The election doctrine does not apply to preclude the plaintiff from pursuing inconsistent theories or even inconsistent factual assertions. Modern procedure permits alternative and inconsistent claims and also alternative and inconsistent defenses. No objection can be raised, for example, to the plaintiff's claim of both common law fraud and statutory misrepresentation, or to the claim of both fraud and contract breach, even though the plaintiff will be entitled to but one satisfaction.

DAN B. DOBBS, LAW OF REMEDIES § 9.4 (2d Ed. 1993)(footnotes omitted). Under the old rules of pleading, any act could be seen as a ratification of a transaction and would be regarded as an affirmance of the contract, precluding a rescission claim.[2] This view no longer prevails and certainly should not control here as the Ripples sought no double recovery and the trial court has liberal discretion in allowing amendments. *Kjerstad*, 517 N.W.2d at 423; *Tesch*, 399 N.W.2d at 882.

**2.** *See* Dan B. Dobbs, *Pressing Problems for the Plaintiff's Lawyer in Rescission: Election of Remedies and Restoration of Consideration*, 26 ArkL-Rev 322 (1972)(discussion of unintentional election and common pitfalls experienced by lawyers and their clients when pursuing a rescission action).

## [¶ 8] *II.   Change in Position*

[¶ 9] The Ripples initially contended a breach of the personal care agreement constituted a breach of the contract for deed. They believed part of the consideration for the contract for deed was full performance by the Wolds under the personal care agreement. Their change in strategy to pursue a rescission action was premised upon the realization that the trial court was not going to construe the contract for deed and personal care agreement together.[3] The trial court's partial summary judgment understandably changed the Ripples' strategic position. Being unaware of an alleged failure of consideration under the contract for deed until the court's ruling, their change in strategy was reasonable under these circumstances.

## [¶ 10] *III.   Reliance*

[¶ 11] Did the Wolds materially change their position in reliance upon the Ripples' initial complaint for breach of contract? The Wolds cite *Beers v. Atlas Assur. Co.*, 231 Wis. 361, 285 N.W. 794 (1939) and its reference to RESTATEMENT OF CONTRACTS § 484. That case adheres to the old rule that bringing an action which by its nature affirms a contract, precludes another claim attempting to disaffirm the same agreement. Yet *Beers* was decided before the adoption of the modern rules of civil procedure and its liberal pleading standards. Additionally, RESTATEMENT OF CONTRACTS § 484 has been superseded by RESTATEMENT (SECOND) OF CONTRACTS § 378, which contemplates the alternative joinder rules now employed in the federal courts and most state courts, including South Dakota. *See* SDCL 15–6–8. The Second Restatement reflects the prevalent rationale:

> If a party has more than one remedy under the rules stated in this Chapter [Remedies], his manifestation of a choice of one of them by bringing suit or otherwise is not a bar to another remedy unless the remedies are inconsistent and the other

**3.** The trial court granted a partial summary judgment in favor of the Wolds on November 8, 1994, dismissing the Ripples' complaint for breach under the contract for deed, stating: "[A]ny alleged breach of the Personal Care Agreement, even if proven, does not constitute a breach of the Contract for Deed...."

party materially changes his position in reliance on the manifestation.

RESTATEMENT (SECOND) OF CONTRACTS § 378 (1979).[4] The election of remedies doctrine often results in substantial injustice, is harsh and largely obsolete. *Tuchalski v. Moczynski*, 152 Wis.2d 517, 449 N.W.2d 292, 293 (1989). As the rule is disfavored, it should be confined to cases where a plaintiff may be unjustly enriched, or a defendant has been misled, or the result is otherwise inequitable, or res judicata applies. *Id.*

> The rule [election of remedies] is not needed to protect the defendant from unjust or misleading conduct of the plaintiff. If the plaintiff's changed or delayed decision to sue for rescission rather than damages is a problem to the defendant, the defendant is fully protected by a whole catalog of doctrines and rules. Doctrines of laches and estoppel, the court's discretion to deny rescission to prevent hardship, procedural rules conditioning the amendment of complaints on court approval, and Rule 11 sanctions against strategic or harassing misbehavior all secure the defendant against actual harm that might otherwise result if the plaintiff attempts to harm the defendant by delay or change of pleading.

DOBBS, LAW OF REMEDIES § 9.4.

[¶ 12] Lastly, we held in *Kjerstad:*

> A motion to amend is addressed to the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion which results in prejudice to the nonmoving party. The record does not reflect that Ravellette has suffered any specific prejudice. Although a new cause of action was added, the two claims contained identical facts and issues. Ravellette has not demonstrated that he was

unprepared to meet the contents of the amended complaint or that he has suffered any prejudice as a result thereof. Therefore, we find no clear abuse of discretion in allowing the complaint to be amended.

517 N.W.2d at 423 (citations omitted). The Wolds have not shown they materially changed their position or suffered any prejudice in reliance upon the initial complaint for damages. They have continued to live on the ranch and reap the benefits of an ostensibly favorable contract for deed. Thus, we find no abuse of discretion in granting the Ripples leave to amend their pleadings and in denying the Wolds' motion to dismiss. We remand for further proceedings.

[¶ 13] Affirmed.

[¶ 14] MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., concur.

---

**4.** The comment to this section states in pertinent part:

> The mere manifestation of an intention to pursue one remedy rather than another does not, however, preclude a party from making such a shift. Nor must the shift be made within any particular time. Only if the other party has materially changed his position in reliance on the original choice is a shift to another remedy precluded by the election of the first. A change of position is "material" within the meaning of this Section if it is such that in all the circumstances a shift in remedies would be unjust.

*Id.* at § 378, cmt a. An illustrative example in the comment is useful to our analysis:

> A contracts to transfer his farm to B in return for B's promise to support A for life. After A has transferred the farm, B repudiates the contract and A sues for damages. Before any change in B's position, A discovers that it will be difficult to prove his damages with reasonable certainty and that a judicial sale of B's property including the farm would be unlikely to realize enough to satisfy a judgment and amends his complaint to ask specific restitution. *Specific restitution is not precluded.*

*Id.* (emphasis added).