1997 SD 135

**Lester K. RIPPLE and Maurine H. Ripple, Plaintiffs and Appellants,**

v.

**ROGER WOLD and Nancy Wold, Defendants and Appellees.**

**No. 19987.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 21, 1997.

Decided Dec. 17, 1997.

Rehearing Granted Jan. 13, 1998.

Reed C. Richards of Richards & Richards, Deadwood, and John J. Delaney, Sr. of Estes, Porter & Delaney, Rapid City, for plaintiffs and appellants.

Gene N. Lebrun of Lynn, Jackson, Shultz & Lebrun, Rapid City, for defendants and appellees.

SABERS, Justice.

[¶ 1.] Trial court granted defendants' motion to dismiss on the basis that the motion to substitute parties for deceased plaintiffs was untimely.

### FACTS

[¶ 2.] In November 1992, Lester and Maurine Ripple (Ripples) entered into a contract for deed and a personal care agreement with Roger and Nancy Wold (Wolds). Ripples agreed to sell approximately eighty-seven acres of land to Wolds for $60,000 and Wolds agreed to personally care for Ripples. For each month they provided personal services, Wolds were to receive a $250 credit against their monthly payment on the contract for deed. When a dispute arose under the personal care agreement, Ripples sued Wolds, claiming breach of both agreements. Ripples sought foreclosure of the contract for deed and injunctive relief to prohibit Wolds from living on the property.

[¶ 3.] In August of 1994, the trial court granted Wolds' motion for summary judgment on Ripples' foreclosure action, ruling that Wolds had not defaulted on the contract for deed. Ripples successfully moved to amend their complaint to seek rescission on the contract for deed. Wolds then moved to dismiss the rescission claim, arguing that by first seeking foreclosure, Ripples affirmed the contract for deed and were then barred by the "election of remedies" doctrine from disaffirming the contract through rescission. The trial court denied Wolds' motion to dismiss the amended complaint, and this court granted Wolds' petition to appeal from that intermediate order. We affirmed the denial of Wolds' motion to dismiss. *See Ripple v. Wold,* 1996 SD 68, 549 N.W.2d 673 (*Ripple I* ).

[¶ 4.] Lester and Maurine Ripple both died before *Ripple I* was decided. *See id.* at n. 1: "At the time this appeal began Lester and Maurine Ripple were 92 and 85 years old, respectively. Maurine died on October 19, 1995 and Lester died on March 5, 1996." *Ripple I* was decided June 5, 1996.

[¶ 5.] Approximately one week before *Ripple I* was decided, Wolds informed this court

of the deaths of Ripples by a document dated May 29, 1996. The Clerk's office acknowledged receipt by return letter dated May 30, 1996. On September 3, 1996, Wolds moved to dismiss for failure to substitute parties within the ninety days of SDCL 15–6–25(a)(1), which provides the procedure for substitution of parties when a party dies:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in § 15–6–5 and upon persons not parties in the manner provided in § 15–6–4 for the service of a summons. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Ripples [1] made a motion to substitute parties on September 5, 1996; assuming the ninety-day rule was properly invoked, the last day the motion could have been timely filed was September 2, 1996.[2] Ripples' motion to substitute parties was denied and Wolds' motion to dismiss granted.

[¶ 6.] Ripples appeal, claiming that since SDCL 15–6–25(a)(1) prescribes the procedure for substitution of parties at the circuit court level, the ninety days did not begin to run until the settled record was returned to the Lawrence County Clerk of Courts. They claim that while the case was on appeal to this court, "the record was set and was not

modifiable" and therefore, Wolds' "efforts to suggest the deaths on the record were futile." We disagree but reverse and remand because the ninety-day rule was not properly invoked.

### STANDARD OF REVIEW

[¶ 7.] This appeal requires us to construe SDCL 15–6–25(a)(1), which provides for service of notice and substitution of parties upon the death of a party. The construction of that statute and its application to these facts present questions of law, which we review de novo. *Kern v. City of Sioux Falls*, 1997 SD 19, ¶ 4, 560 N.W.2d 236, 237 (citing *Johnson v. Rapid City Softball Ass'n*, 514 N.W.2d 693, 695 (S.D.1994)).

### [¶ 8.] 1. WHETHER THE SUGGESTION OF DEATH UPON THE RECORD OR SUBSTITUTION OF PARTIES CAN BE EFFECTED IN THE SOUTH DAKOTA SUPREME COURT.

[¶ 9.] Ripples argue that suggestion of death "upon the record" cannot be effected when a case is pending before this court. They claim that SDCL 15–6–25(a)(1) has no application to Supreme Court procedure, and that the settled record can only be modified on appeal in accordance with SDCL 15–26A–56.[3] Therefore, they argue, the ninety-day provision of SDCL 15–6–25(a)(1) was not triggered by Wolds' suggestion of death and the motion to substitute parties was timely made.

[¶ 10.] SDCL 15–6–25(a)(1) is part of SDCL ch. 15–6 "Rules of Procedure in Circuit Courts." However, this court em-

---

**1.** Since the appeal was taken in their name, we will continue to refer to Ripples, even though they are no longer parties.

**2.** This takes into account SDCL 15–6–6(e):

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him, or whenever such service is required to be made a prescribed period before a specified event, and the notice or paper is served by mail, three days shall be added to the prescribed period....

**3.** SDCL 15–26A–56 provides:

If anything material to either party is omitted from the record, is misstated therein, or is improper, the parties by stipulation, or the trial court, before the record is transmitted to the Supreme Court, or the Supreme Court, on motion by a party or on its own initiative, may direct the record be corrected and if necessary require a supplemental record be approved and transmitted.

Because the suggestion of death does not constitute omitted, misstated, or improper material, this statute has no application to this case; it does, however, demonstrate this court's authority to modify the record.

ploys those rules unless a specific statute or rule directs otherwise. *See* SDCL 15–24–1:

> Except as otherwise indicated by statute or rule, the statutes and rules of practice and procedure in the circuit courts of this state shall apply to practice and procedure in the Supreme Court.

Therefore, the argument that a suggestion of death upon the record is not effective in a pending appeal is without merit. Ripples' argument that substitution of parties cannot be accomplished before this court fails for the same reason. Since this court has not adopted a separate rule to govern appellate procedure for substitution of parties,[4] we employ circuit court procedural rules pursuant to SDCL 15–24–1.[5]

**[¶ 11.] 2. WHETHER THE NINETY–DAY LIMITATION PERIOD WAS INVOKED BY WOLDS' "SUGGESTION OF DEATH UPON THE RECORD" IN THE ABSENCE OF PERSONAL SERVICE UPON RIPPLES' REPRESENTATIVES.**

[¶ 12.] According to SDCL 15–6–25(a)(1),[6] both the suggestion of death and the motion to substitute parties must be personally served upon "persons not parties"—that term has been construed to mean "specifically the successors or representatives of the deceased party's estate." *Fehrenbacher v. Quackenbush,* 759 F.Supp. 1516, 1518 (D.Kan.1991) (citing *Grandbouche v. Lovell,* 913 F.2d 835, 837 (10th Cir.1990) (per curiam)). The *Grandbouche* court noted:

> While service of a suggestion of death on counsel will satisfy the requirement of Rule 25(a)(1) for service of *parties* to the litigation, the service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to FedRCivP 4.[7] *See Fariss v. Lynchburg Foundry,* 769 F.2d 958, 961 (4th Cir.1985) (to satisfy Rule 25(a)(1), motion for substitution or suggestion of death must be personally served on nonparty representative of deceased, rather than deceased's attorney).... In the instant case, because the personal representative of decedent's estate did not receive service of any purported suggestion of death, the ninety-day limitations period did not begin to run. *See* [*United States v. Miller Bros. Constr. Co.,* 505 F.2d 1031, 1034–35 (10th Cir.1974) ].

913 F.2d at 837 (emphasis added); *accord Barlow v. Ground,* 39 F.3d 231 (9th Cir. 1994). *See also* 7C Wright, Miller & Kane, *Federal Practice & Procedure:* Civil 2d § 1956, at 551 (1986) ("Thus the procedures of [FedRCivP] Rule 4 must be followed in serving the motion [for substitution] on the *representative or successor of a deceased party.*") (emphasis added).

 [¶ 13.] Here, no personal service was made upon Ripples' successors or representatives. According to the certificate of service appended to the suggestion of death, the only persons served were the attorneys who had represented the decedents. Wolds state in their brief that "A copy of that Statement of Fact of Deaths was mailed to both attorney Reed C. Richards and attorney John J. Delaney, Sr. by first class mail, postage prepaid, on May 29, 1996. The original of the Statement of Fact of Deaths was

---

**4.** See, e.g., NDRAppP 43 (adopting FedRAppP 43, which provides for substitution of parties upon the death of a party at the appellate level).

**5.** Cf. *McCormick Harvesting Mach. Co. v. Snedigar,* 3 S.D. 625, 626–27, 54 N.W. 814, 814 (1893):

> If this cause of action had ever been properly in our court by appeal, and one of the parties had died or become disqualified to act pending the appeal, then this court could exercise its power to bring the legal representative into the case as one of the incidents of the exercise of its jurisdiction.

**6.** SDCL 15–6–25(a)(1) is virtually identical to FedRCivP 25(a)(1).

**7.** South Dakota's parallel statute is SDCL 15–6–4 and requires personal service of the summons. See SDCL 15–6–4(d)(10):

> The summons shall be served by delivering a copy thereof. Service in the following manner shall constitute personal service:
>
> . . .
>
> (10) In all other cases, to the defendant personally[.]

See also subdivision (9): "Whenever the manner of service of process is specified in any statute or rule relating to any action, remedy or special proceedings the manner of service so specified shall be followed[.]" (Emphasis added).

mailed on the same day to the Clerk of the Supreme Court for filing." Even if the successor or representative had actual knowledge of Ripples' deaths, the ninety-day rule is not invoked absent formal suggestion of death upon the record, and "formal suggestion" includes personal service on those nonparties. *Grandbouche*, 913 F.2d at 836–37.

[¶ 14.] The rationale for requiring personal service on the representative or successor is explained as follows:

> Personal service of the suggestion of death on the representative achieves a salutary litigation function. It alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired.
>
> In addition to insuring that the decedent's representative has notice of the litigation, a supplemental reason for rejecting service on decedent's attorney alone is based on the law of agency. Because the attorney's power to act ceases with the client's death, counsel has no power to continue or terminate an action on behalf of a dead client.

6 *Moore's Federal Practice*, § 25.10[3][e], at 25–21 (Matthew Bender 3d ed.) (citations and internal quotation omitted); *accord Federal Practice & Procedure, supra*, § 1955, at 545 & n. 12:

> [The attorney for the deceased] is not himself a party to the action and, since his authority to represent the deceased terminated on the death, he is not a "representative of the deceased party" of the sort contemplated in the rule.

(Citations omitted) (noting also that the decedent's attorney may not suggest the death on the record).

[¶ 15.] Ineffective service was not argued by Ripples, but it was not necessary to do so. The statute expressly provides that dismissal is conditioned upon proper service of the decedent's representatives.[8] *See* SDCL 15–6–25(a)(1), reproduced *supra* ¶ 5. *See also Deno v. Oveson*, 307 N.W.2d 862, 863 (S.D. 1981):

While the service can be waived by appearance where a summons has been actually issued and later filed, the failure to issue, file, or serve a summons, as in this case, deprives the court of jurisdiction. *Black v. Circuit Court of Eighth Judicial Circuit*, 78 S.D. 302, 101 N.W.2d 520 (1960); *Ayers, Weatherwax & Reid Co. v. Sundback*, 5 S.D. 31, 58 N.W. 4 (1894); SDCL 15–2–30, 15–2–31, 15–6–3, and 15–6–5(d). We conclude by noting that *the question of jurisdiction may be raised at any time and even by the reviewing court's own motion. Medley v. Salvation Army, Rapid City Corps*, 267 N.W.2d 201 (S.D. 1978).

(Emphasis added).

[¶ 16.] In addition, we may "vacate," "modify," or "otherwise disturb" a judgment if "refusal to take such action appears to the court inconsistent with substantial justice" because "substantial rights of the parties" will otherwise be jeopardized. *In re Estate of Tallman*, 1997 SD 49, ¶ 14, 562 N.W.2d 893, 897. *See* SDCL 15–6–61:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, *unless refusal to take such action appears to the court inconsistent with substantial justice.* The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

(Emphasis added).

[¶ 17.] Here, the limitation period would impose upon Ripples' successors or representatives an obligation which had to be fulfilled within ninety days—even though they were not personally served as required by SDCL 15–6–25(a)(1). "Absent personal service, there is no reason to presume that the suc-

---

8. Contrary to the dissent, we are not raising an additional issue or argument as to "ineffective" service of process. There was no service of process made on Ripples' heirs or representa-

tives. Therefore, under SDCL 15–6–25(a)(1), the trial court cannot dismiss the lawsuit as against the heirs. It is a simple matter of statutory construction.

cessor or representative, who must decide whether to pursue the claim, is aware of the substitution requirement." *Fariss,* 769 F.2d at 962. Under these circumstances, allowing this case to be dismissed against Ripples' estates would cause prejudice to their substantial rights. *Tallman,* 1997 SD 49 at ¶ 14, 562 N.W.2d at 897. Accordingly, we reverse and remand for further proceedings.

[¶ 18.] AMUNDSON, KONENKAMP, and GILBERTSON, JJ., concur.

[¶ 19.] MILLER, C.J., concurs in part and dissents in part.

MILLER, Chief Justice (concurring in part, dissenting in part).

[¶ 20.] I agree that SDCL 15–6–25(a)(1) applies to this Court, and therefore the ninety-day provision of that statute was triggered by Wolds' suggestion of death upon the record. However, the principle of judicial restraint dictates that I must respectfully dissent from the rest of the majority opinion. The issue of ineffective service was not properly before this Court and should not be considered.[9]

[¶ 21.] Ripples never argued ineffective service to the trial court or to this Court. SDCL 15–6–12(h)(1) provides:

> A defense of lack of jurisdiction over the person, insufficiency of process, or *insufficiency of service of process* is waived (A) if omitted from a motion in the circumstances described in § 15–6–12(g), or (B) if it is neither made by motion under § 15–6–12 nor included in a responsive pleading or an amendment thereof permitted by § 15–6–15(a) to be made as a matter of course. (Emphasis added).

*See also Matter of R.P.,* 498 N.W.2d 364, 367 (S.D.1993); *Williams Ins. v. Bear Butte*

*Farms Partnership,* 392 N.W.2d 831, 834 (S.D.1986). It seems clear that in past cases this Court has not chosen to make an argument for a party as to insufficiency of service of process, so why start now?

[¶ 22.] While the present case raises the issue of when the ninety-day period begins to run and not a jurisdictional issue as was the case in *Williams Ins.* and *Matter of R.P.,* there is our general rule that "[w]e will not address issues raised for the first time on appeal." *Mash v. Cutler,* 488 N.W.2d 642, 648 (S.D.1992) (citations omitted). The issue was never raised to the trial court and should therefore be deemed waived. *See Gesinger v. Gesinger,* 531 N.W.2d 17, 22 (S.D.1995) (citing *Fullmer v. State Farm Ins. Co.,* 514 N.W.2d 861 (S.D.1994); *Hepper v. Triple U Enterprises, Inc.,* 388 N.W.2d 525, 527 n. 3 (S.D.1986)). Further, the issue was never raised to this Court and should also be deemed waived. *See Id.* (citing *Zens v. Chicago, Milwaukee, St. Paul & Pac.,* 479 N.W.2d 155, 159 (S.D.1991)). Ripples had two strikes at this issue and failed to raise it; this Court should not now pinch hit for Ripples' attorneys. We are a reviewing court and should not consider matters not properly before us or matters not determined by the trial court. *Schull Constr. Co. v. Koenig,* 80 S.D. 224, 229, 121 N.W.2d 559, 561 (1963).

[¶ 23.] The majority argues that to hold other than it does would be to prejudice the substantial rights of Ripples. But cannot the same be said for all the countless parties in the past whose arguments we have not addressed because they were not properly before us? Were the situations of these other parties different because they actually tried to present their issues to us? It is not the responsibility, nor the duty of this Court to make an argument for a party because that party's attorney failed to make it.[10] As to

9. While the majority holds that Ripples were not personally served, the fact remains that it is raising an issue sua sponte and I feel that is inappropriate. No matter what the majority states, it cannot be denied that the issue of ineffective service of process was never argued to the trial court nor this court.

10. The majority relies on *In re Estate of Tallman,* 1997 SD 49, ¶ 14, 562 N.W.2d 893, 897, and SDCL 15–6–61, to hold that this Court has the

power to disturb a judgment for the sake of promoting substantial justice. While we do have such power, it should be used cautiously. *Tallman* involved this Court recognizing that a party had made a judicial admission and should be bound by it lest another party be required to pay twice on a debt. In *Tallman,* we were not making arguments for the parties. What the majority is attempting to do in the present case is to play a more affirmative role in disturbing the lower

the majority raising the issue of ineffective service, all that can be said is: "The point appears here in its virgin state, wearing all its maiden blushes, and is therefore out of place." *Cleveland v. Chambliss*, 64 Ga. 352, 359 (1879).

court's judgment. Such affirmative action sets a bad precedent.