19 F.3d 33
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 La-Rye V. AVILA, Plaintiff-Appellant,
v.
Mary Lee BOST, R.D.; Davis Seals, Capt.; Brian Hoffman;
H. Jones, P.A., Defendants-Appellees.
 No. 93-1322.
 United States Court of Appeals, Tenth Circuit.
 March 14, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument.
 
 
 2
 La-Rye Avila, a prisoner at Centennial Correctional Facility, filed a civil rights complaint pursuant to 42 U.S.C.1983 alleging that the defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment by refusing to provide him with a diet which he claims is medically necessary. On June 18, 1993, the magistrate judge conducted a "Martinez " hearing. Thereafter, on June 30, 1993, the magistrate judge recommended that Avila's complaint be dismissed. Following a de novo review of the record the district court adopted that recommendation, and on July 28, 1993, issued its order dismissing the complaint. Both the magistrate judge's recommendation and the district court's order use language relating to Fed.R.Civ.P.56, as well as 28 U.S.C.1915(d).
 
 
 3
 On appeal, Mr. Avila generally disputes the outcome below and restates his arguments, as well as contesting the procedure below.
 
 
 4
 The government acknowledges that it was never served and that the dismissal was necessarily under 28 U.S.C.1915(d). It nevertheless defends the "Martinez " hearing and the result on the ground that the court was simply piercing the veil of the complaint's factual allegations and ascertaining whether there was a factual or legal basis for Mr. Avila's claims. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir.1991).
 
 
 5
 The record clearly shows that the hearing in question went far beyond any permissible basis for a dismissal under 1915(d). See id. (explaining that 1915(d) standards may not be equated with summary judgment standards). The factual arguments in the government's brief on appeal reinforce the conclusion that this case should not have been dismissed under 1915(d). See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); cf. Handy v. Price, 996 F.2d 1064 (10th Cir.1993).
 
 
 6
 Accordingly, we are obliged to reverse the judgment of dismissal entered below and remand this case for further proceedings. In those proceedings, the parties may use testimony and exhibits admitted in the so-called "Martinez " hearing, together with any additional submissions by the parties that may follow a properly submitted motion by the government.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470