25 F.3d 1055
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Scott Ray BYRD, Plaintiff-Appellant,
v.
IRON COUNTY/UTAH STATE CORRECTIONAL FACILITY; Jimmy
Stewart; Gary W. Deland; Dr. Larson; Gary
Folkerson, Defendants-Appellees.
 No. 93-4194.
 United States Court of Appeals,
Tenth Circuit.
 June 2, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant plaintiff's motion to proceed in forma pauperis and address the merits of plaintiff's appeal.
 
 
 2
 Plaintiff appeals from the district court's grant of summary judgment in favor of defendants on plaintiff's claim raised pursuant to 42 U.S.C.1983. Plaintiff was incarcerated at the Central Utah Correctional Facility and later transferred to the Iron County/State of Utah Correctional Facility. During his imprisonment at those facilities, plaintiff complains that prison officials violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him with appropriate medication and/or adequate medical and dental treatment.
 
 
 3
 Applying the same standards as the district court, we review the grant of summary judgment de novo. Handy v. Price, 996 F.2d 1064, 1066 (10th Cir.1993). If the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Fed.R.Civ.P. 56(c).
 
 
 4
 The Eighth Amendment prohibition against cruel and unusual punishment applies to the inadequate provision of medical care to inmates. Estelle v. Gamble, 429 U.S. 97, 105 (1976). The standard for cruel and unusual punishment in this context is "the unnecessary and wanton infliction of pain," Gregg v. Georgia, 428 U.S. 153, 173 (1976). Therefore, in claiming an Eighth Amendment violation a prisoner must allege deliberate indifference to serious medical needs. Estelle, 429 U.S. at 104.
 
 
 5
 The deliberate indifference standard consists of two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir.1991) (citing Wilson v. Seiter, 501 U.S. 294, 298-99 (1991)). The requisite culpable state of mind cannot be established by allegations of "inadvertent failure to provide adequate medical care," Estelle, 429 U.S. at 105, or of negligent diagnosis or treatment, Wilson, 501 U.S. at 297. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.
 
 
 6
 The record shows that plaintiff was treated for a variety of ailments on many occasions. I R. doc. 23. In particular, plaintiff was treated for tooth pain and infection, as well as for herpes outbreaks.[2] Id.; I R. doc. 24, doc. 32. The record simply does not support plaintiff's allegations of deliberate indifference to his medical needs. We agree with the district court's observation that, at most, plaintiff describes a difference of opinion with the medical staff as to the diagnosis and treatment of his condition, which does not rise to the level of a constitutional violation.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff apparently also refused diagnostic procedures scheduled by medical staff