28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brian ROBERTS, Plaintiff-Appellant,
v.
Larry THOMPSON and G. CAMERON, and other persons whose names
are not yet known, Defendants-Appellees.
 No. 93-1409.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1994.
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Brian Roberts appeals from the district court's order granting defendants' motion for summary judgment. Counsel for defendants asserts that defendant Thompson has died during the pendency of this action. Counsel's reference does not amount to a formal suggestion of death and has not triggered the need for any action by plaintiff or this court. See Grandbouche v. Lovell, 913 F.2d 835, 836-37 (10th Cir.1990); United States v. Miller Bros. Constr. Co., 505 F.2d 1031, 1034-35 (10th Cir.1974).
 
 
 4
 Plaintiff commenced this action pursuant to 42 U.S.C.1983. He alleged defendants Larry Thompson and G. Cameron, physician's assistants at facilities where plaintiff was incarcerated, had subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff alleged that defendant Cameron was deliberately indifferent to his serious medical needs in that Cameron ignored plaintiff's complaints of severe back pain until plaintiff collapsed at which time he required surgery. Plaintiff alleged that defendant Thompson was deliberately indifferent to his serious medical needs in that Thompson ignored his complaints of pain after the surgery, as a result of which he required hospitalization and intravenous antibiotic treatment for six weeks for a bone infection. Plaintiff also alleged he was not given proper follow-up care after the initial surgery.
 
 
 5
 The magistrate judge recommended that defendants' motion for summary judgment be denied. The magistrate judge found the issue of whether all the medical records had been submitted to plaintiff and defendants' medical experts to be disputed. The magistrate judge held that defendants' medical experts had offered "conclusory assertions that Plaintiff ha[d] received adequate care," an assertion which was "an insufficient basis upon which to grant summary judgment." Rec., tab 46 at 3.
 
 
 6
 The district court rejected the magistrate judge's recommendation. The court found that plaintiff had not made any substantive showing that the records were incomplete. The court further found that plaintiff had not sufficiently presented evidence discrediting the experts' qualifications or their opinions that plaintiff had received adequate care.
 
 
 7
 "We review de novo the district court's grant of summary judgment, applying the same standard as the trial court employed under Fed.R.Civ.P. 56(c)." Handy v. Price, 996 F.2d 1064, 1066 (10th Cir.1993). Summary judgment is appropriate if the evidence shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Id.
 
 
 8
 Upon review of the record, the parties' briefs on appeal, and the applicable law, we AFFIRM the judgment of the United States District Court for the District of Colorado for substantially the reasons stated in its order of September 16, 1993. Additionally, plaintiff did not produce, by affidavit or any other means, evidence of deliberate indifference on the part of Cameron or Thompson.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 **
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470