**James D. UPP, Plaintiff,**

v.

**Dr. Jane SHARTRAND,
et al., Defendants.**

**No. 93–3227–DES.**

United States District Court,
D. Kansas.

Aug. 25, 1994.

James D. Upp, pro se.

---

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

Plaintiff proceeds pro se and *in forma pauperis,* 28 U.S.C. § 1915, on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff complains he is denied adequate and appropriate medical care for his diabetes at Johnson County Adult Detention Center in Olathe, Kansas. The court directed Johnson County officials to investigate plaintiff's claims and to prepare and file a *Martinez* report for the court to use in reviewing plaintiff's claims. Having reviewed the *Martinez*

report, the court finds this matter should be dismissed.

Deliberate indifference to serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain under the eighth amendment, applicable to the states under the fourteenth amendment. *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Denial of care must be continuing, unsupported by a competent, recognized school of practice, and must equal a denial of needed treatment. *Medcalf v. State of Kansas,* 626 F.Supp. 1179, 1182 (D.Kan.1986). However, prisoner complaints directed at the wisdom or quality of the medical care provided do not state an eighth amendment violation, even if the treatment constitutes medical malpractice. *See Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (negligence does not establish requisite culpable state of mind for eighth amendment claim); *Ledoux v. Davies,* 961 F.2d 1536 (10th Cir.1992) (simple difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation).

The *Martinez* report clearly documents that plaintiff received an abundance of medical care and attention while confined at the county facility. This is not contested by plaintiff in his complaint. Instead, plaintiff contends defendants failed to provide the specific medical treatment he requested. Plaintiff cites, for instance, the insulin dosage prescribed, the type of medication administered, and his preference for a different diet. These complaints fail to establish any deliberate indifference by defendants to plaintiff's medical needs, and fall well outside the parameters of plaintiff's protection under the eighth and fourteenth amendments to the Constitution. *See e.g. Handy v. Price,* 996 F.2d 1064 (10th Cir.1993) (no eighth amendment violation in claims by prodigious user of prison medical facilities).

Plaintiff's allegations state at most, if at all, a state tort cause of action. Finding no arguable legal or factual basis for plaintiff to proceed in federal court on his claims under § 1983, the court concludes this matter

should be dismissed pursuant to 28 U.S.C. § 1915(d).

Plaintiff's motion for appointment of counsel (Doc. 18) is denied. Plaintiff's request in his complaint for preliminary injunctive relief is denied.

IT IS THEREFORE ORDERED that this action is dismissed.