59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jim R. HOUSLEY, Plaintiff-Appellant,
v.
Beth LEADER, D.O.; Marcus Pogue, Medical Director, Mack
Alford Correctional Center; Bobby Boone, Warden,
Mack Alford Correctional Center,
Defendants-Appellees.
 No. 95-7017.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Jim Housley, an inmate presently confined by the State of Oklahoma, appeals the order of summary judgment entered against him in this 1983 action. Mr. Housley, alleging "deliberately indifferent" medical treatment, brought suit against, inter alia, Dr. Leader, his treating physician. The district court, after reviewing the Martinez report prepared by prison officials, determined that Mr. Housley had failed to set forth specific facts that would support an Eighth Amendment violation. We agree, and therefore affirm.
 
 
 3
 Mr. Housley complains that the prison medical staff, and Dr. Leader in particular, failed to treat his ailing back with adequate care. His allegations, which read generously might support a claim of medical malpractice, fall far short of meeting the "deliberate indifference" standard of Estelle v. Gamble, 429 U.S. 97, 104-06 (1976). See also Handy v. Price, 996 F.2d 1064, 1066-68 (10th Cir.1993); Berry v. City of Muskogee, 900 F.2d 1489, 1495 (10th Cir.1990); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981). The record indicates that Mr. Housley was treated for back pain on three occasions from October 1993 to December 1993. On each occasion, Dr. Leader diagnosed Mr. Housley as suffering from muscle strain and prescribed muscle relaxers to alleviate the pain. Mr. Housley may find fault with this treatment, but it is undeniable that the prison attempted to respond to his health problems. "[A] mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment." Ramos, 639 F.2d at 575.
 
 
 4
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470