F I L E D
United States Court of Appeals
Tenth Circuit

AUG 1 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ROBERT L. HATCHER, JR.,

Plaintiff-Appellant,

v.

LARRY FIELDS, Director, D.O.C.;
MIKE PARSONS, Deputy Director,
Department of Corrections; BILL
SHORE, Coordinator, Lexington
A & R Center; STEVE HARGETT,
Warden, Joseph Harp Correctional
Center; MICHAEL CODY, Warden,
Lexington Correctional Center; RON
CHAMPION, Warden, Conner
Correctional Center; JACK COWLEY,
Warden, Oklahoma State Reformatory;
BOBBY BOONE, Warden, Mack
Alford Correctional Center; EDWARD
EVANS, Warden, James Crabtree
Correctional Center; DAN
REYNOLDS, Warden, Oklahoma State
Penitentiary; JAMES SAFFLE,
Regional Director, Department of
Corrections; MELVIN CAMPBELL,
Mail Supervisor, Oklahoma State
Penitentiary; JAMES PIERCE, Lt.,
Oklahoma State Penitentiary; PAT
HUMPHRIES, Lt., Oklahoma State
Penitentiary; EDDIE MORGAN, Unit
Manager, Oklahoma State
Penitentiary,

Defendants-Appellees.

No. 96-7085
(D.C. No. 94-CV-226-S)
(E.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff, an Oklahoma state inmate appearing pro se, appeals from the district court's grant of summary judgment to defendants in this civil rights suit brought under 42 U.S.C. § 1983. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

This appeal arises from defendants' second motion for summary judgment. After their first motion, the district court granted judgment in favor of defendants on all of plaintiff's claims except an Eighth Amendment claim based on exposure to environmental tobacco smoke (ETS). See R. doc. 33. After the district court

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

entered its order, plaintiff filed an amended complaint on his remaining claim. He asserted that defendants, acting with deliberate indifference, "exposed him to levels of environmental tobacco smoke (ETS), that pose an unreasonable risk of serious damage to his present and future health in violation of [the] Eighth Amendment." Id. doc. 43 at 3; see also id. doc. 49. More specifically, he alleged that he was diagnosed by a doctor at the Oklahoma State Penitentiary (OSP) as being "possibly" allergic to tobacco smoke, that the doctor recommended that defendant be housed in a nonsmoker's cell, that defendants knew about his allergy and the doctor's recommendation, and that they nevertheless forced plaintiff to share cells with smokers for most of the time between October 1992 and September 1993. Id. doc. 43 at 3. He contended his cellmates during this time period included a chain-smoker and another smoker who blocked the ventilation system, making the smoke problem worse. He said that he suffered headaches, chest pain, hypertension, and difficult breathing because of his exposure to ETS, and that he was denied medical treatment.

In their second motion for summary judgment, as in the first, defendants asserted the defense of qualified immunity. They conceded that plaintiff was housed with smokers during much of the time between October 1992 and September 1993. Their evidence showed that they attempted to find him a nonsmoking cell during this time period, however, but were temporarily unable to

do so due to overcrowding. The evidence also showed that defendants offered to move plaintiff in April 1993 to either of two different units so he could have a single cell, but he declined the offer. The evidence showed, further, that since September 1993, defendants have moved plaintiff repeatedly--to different facilities, to single cells, or to cells in designated nonsmoking areas--in an attempt to accommodate his alleged need to avoid smoke. The district court recited plaintiff's housing assignments and defendants' responses to plaintiff's administrative complaints in its order. Noting defendants' continuous efforts to move plaintiff to a smoke-free environment, the court concluded that plaintiff had failed to demonstrate that there was a genuine issue of material fact as to whether defendants were deliberately indifferent to his smoke allergy. Accordingly, the district court granted summary judgment to defendants.

Plaintiff contends on appeal that his need to avoid smoke and defendants' intentional disregard of this need are genuine issues of fact to be tried. He also claims that defendants do not enforce their nonsmoking policies, and that he is still being exposed to unreasonably high levels of ETS.

We review the grant of summary judgment de novo, applying the same standard as that applied by the district court. See Clemmons v. Bohannon, 956 F.2d 1523, 1525 (10th Cir. 1992). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(c)).

We also review defendants' claim that they are entitled to qualified immunity de novo. See David v. Gracey, 111 F.3d 1472, 1478 (10th Cir. 1997). Qualified immunity is analyzed in two steps: first, we determine whether plaintiff has alleged the violation of a constitutional right, "and then we decide whether that right was clearly established such that a reasonable person in the defendant's position would have known that [his] conduct violated the right." Id. (quoting Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996) (citing Siegert v. Gilley, 500 U.S. 226, 231 (1991))).

To establish the Eighth Amendment violation plaintiff asserts, he must demonstrate that defendants were deliberately indifferent to his serious medical need to avoid smoke. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). That is, "the Eighth Amendment's deliberate indifference standard under Estelle has two components: an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials act with a sufficiently culpable state of mind." Handy v. Price, 996 F.2d 1064, 1067 (10th Cir.1993) (discussing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "A medical

-5-

need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Riddle, 83 F.3d at 1202 (further quotation omitted). As for the subjective component, the Supreme Court recently clarified that

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994).

It is unnecessary to determine whether the right to avoid smoke allegedly violated was clearly established in October 1992, as plaintiff's Eighth Amendment claim fails on its merits. The only evidence of plaintiff's alleged smoke allergy before 1994 is a medical report written by an OSP physician, Dr. Marsh, on March 17, 1990. In that report, which defendants transcribed and attached to their Martinez report,[1] Dr. Marsh recorded that plaintiff alleged headaches and breathing problems due to smoke, that plaintiff was a nonsmoker celled with a smoker, that he was possibly allergic, and that he would be moved to a nonmoking cell. See R. doc. 13, attachment N at 3. Dr. Marsh's report does not

---

[1] See Martinez v. Aaron, 570 F.2d 317 (10th Cir.1978) (en banc).

include a definite diagnosis of a smoke allergy or a direction that plaintiff should avoid smoke, however, and defendants noted that there was no correspondence advising prison security of plaintiff's need for a nonsmoking cell in his medical record.  See id.  Moreover, defendants submitted the affidavit of Dr. Shyamkant Kulkarni, M.D., who reviewed plaintiff's medical records from September 1992 through November 1993, and stated that he saw no documentation of a smoke allergy or prescriptions for medication used to treat respiratory allergies.  See id. doc. 51, ex. J.  He also stated that plaintiff was not treated during this time period for any serious or critical medical problems.  See id.  Plaintiff has not produced any evidence that any particular defendant knew about Dr. Marsh's report or plaintiff's possible allergy to smoke.[2]  Moreover, plaintiff has offered no evidence to counter defendants' averments that they offered him a nonsmoking cell in April 1993, but he chose not to move.  Considering all of this evidence, we hold that plaintiff has not established that there is a genuine issue of material fact to be tried as to whether any of the defendants knew that smoke constituted an excessive risk to plaintiff's health before September 1993, and intentionally disregarded that risk.

---

[2]     Although plaintiff's original, verified complaint alleged that he told defendant James Pierce that he was allergic to smoke and had medical documentation of his allergy, his amended, unverified complaint does not refer to the original, and renders it of no legal effect.  See King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994).

Plaintiff's claim that he is still being exposed to unreasonably high levels of ETS despite defendants' designation of nonsmoking housing units, policies of not celling nonsmoking inmates with smokers, and repeated reassignment of plaintiff's housing to separate him from smokers, is basically unsupported by any evidence. Two affidavits dated September 1994, both from inmates housed at James Crabtree Correctional Center (JCCC), and both stating that inmates smoked in the designated nonsmoking unit at JCCC, are too vague to establish that plaintiff was exposed to unreasonably high levels of ETS at JCCC. See id. doc. 24, attachments "B" & "C." Furthermore, defendants have since moved plaintiff away from JCCC. Therefore, the district court did not err in concluding that plaintiff failed to establish a genuine issue of material fact to be tried as to whether defendants have been deliberately indifferent to his alleged smoke allergy since September 1993, or in granting summary judgment to defendants.

Plaintiff's motion for preliminary injunction or, in the alternative, motion for temporary restraining order is DENIED.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

-8-