**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT D. BLAUROCK,

       Plaintiff-Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS; ROGER WERHOLTZ,
Secretary of Corrections, Kansas
Department of Corrections, in his official
and individual capacity; SAM CLINE,
Warden, Hutchinson Correctional
Facility, in his official and individual
capacity; (FNU) KROEKER, Unit Team
Manager, Hutchinson Correctional
Facility, in her official and individual
capacity; (FNU) HOOKS, Sargent, I.G.U.
Supervisor, Hutchinson Correctional
Facility, in his official and individual
capacity; CORRECT CARE
SOLUTIONS, Medical Provider
Contracted by the Kansas Department of
Corrections; (FNU) BUMGARTNER,
Chief Physician, Correct Care Solutions,
Hutchinson Correctional Facility, in his
official and individual capacity;
(FNU) GOFF, H.R.N., Assistant to
Dr. Bumgartner, Correct Care Solutions,
Hutchinson Correctional Facility, in his
official and individual capacity,

       Defendants-Appellees.

No. 12-3241
(D.C. No. 5:08-CV-03116-SAC)
(D. Kan.)

## ORDER AND JUDGMENT[*]

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

Robert D. Blaurock, a Kansas state prisoner proceeding pro se and in forma pauperis, appeals the dismissal of his claims under 42 U.S.C. § 1983 alleging that various persons at the Hutchinson Correctional Facility (HCF) of the Kansas Department of Corrections (KDOC) violated the Eighth Amendment by denying necessary medical care and making him perform work beyond his physical capacity. He also appeals the dismissal of his amended complaint, in which he attempted to revive claims against prison officials at the Ellsworth Correctional Facility (ECF). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I.    BACKGROUND

Mr. Blaurock sued KDOC and various prison officials. He also sued the prison medical care provider, Correct Care Solutions (CCS), a contractor providing medical care to inmates at Kansas correctional facilities, and two CCS employees. He alleged that the prison defendants were deliberately indifferent to injuries that had

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

been inflicted on him by other inmates at ECF (before his transfer to HCF) and to further injury caused by being required to perform prison work duties beyond his physical capabilities. He also alleged that he was denied adequate medical care in violation of the Eighth Amendment.

The district court reviewed the complaint before service and determined that it failed to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (district court may dismiss a case if it determines that the action "fails to state a claim on which relief may be granted"). The court held that (1) the claims against KDOC and the prison personnel in their official capacities were barred by the Eleventh Amendment, (2) the complaint failed to allege against Secretary Werholtz and HCF Warden Cline the personal participation necessary for liability, (3) the complaint failed to allege a CCS policy or custom that directly caused a violation of Mr. Blaurock's rights, *see Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003), and (4) the complaint failed to allege a cognizable Eighth Amendment claim for failure to provide medical care. The court ordered the complaint dismissed unless Mr. Blaurock filed an amended complaint that corrected the deficiencies identified by the court. Mr. Blaurock timely filed an amended complaint, in which he renewed his claims based on his medical condition and prison work duties. He also included claims against prison personnel at ECF based on his treatment there.

The district court reviewed the amended complaint, first addressing Mr. Blaurock's claims against those responsible for his care at ECF. Mr. Blaurock had previously dismissed a separate action bringing those claims, and by the time he filed the amended complaint in this case, the two-year limitations period had expired. Accordingly, the district court held that those claims were time-barred. The court further determined that the proposed new claims could not relate back under Federal Rule of Civil Procedure 15(c)(1)(B) to when the original complaint was filed, nor could the ECF defendants and claims be added under Rules 18 (joinder of claims) or 20 (joinder of parties). The court then evaluated whether the amended complaint cured the deficiencies previously identified in the original complaint, and concluded that it did not, but merely reiterated essentially the same allegations. The court therefore dismissed the amended complaint for failure to state a claim under § 1915(e)(2)(B)(ii). Mr. Blaurock appeals.

## II.    DISCUSSION

We review de novo the district court's dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). We accept as true the factual allegations in the complaint, as well as any reasonable inferences, construing them in the light most favorable to the plaintiff. *See id.* The complaint must make "specific allegations . . . [that] plausibly support a legal claim for relief." *Id.* at 1218 (internal quotation marks omitted). Because Mr. Blaurock is

proceeding pro se, we liberally construe his pleadings. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011).

For substantially the same reasons stated by the district court, we affirm the dismissal of Mr. Blaurock's claims against KDOC and the prison officials in their official capacities, his claims based on his treatment at ECF,[1] the claims against CCS, and the claims against Secretary Werholtz and Warden Cline. These rulings involve the straightforward application of settled law to undisputed facts. The other allegations deserve some additional analysis.

As for Mr. Blaurock's allegations that prison personnel failed to provide proper medical treatment, we recognize that the conditions of prisoner confinement can create an Eighth Amendment obligation on the state to provide adequate health care for prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). But a plaintiff must establish "both elements of an Eighth Amendment claim—the objective prong of sufficiently serious deprivation and the subjective prong of deliberate indifference." *Gee v. Pacheco*, 627 F.3d 1178, 1189 (10th Cir. 2010). To qualify as sufficiently serious, a medical need must be "one that has been diagnosed by a

---

[1]      Even if Mr. Blaurock's allegations of inadequate medical care at ECF arose from "a common core of operative facts uniting the original and newly asserted claims," *Mayle v. Felix*, 545 U.S. 644, 659 (2005) (internal quotation marks omitted) (stating standard for relation back under Rule 15(c)), the amended complaint did not identify any individual who allegedly failed to provide medical care at ECF. Therefore, Mr. Blaurock cannot obtain relief because the amended complaint failed to assert the requisite "personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (internal quotation marks omitted).

- 5 -

physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1192 (internal quotation marks omitted). "To prevail on the subjective component, the prisoner must show that the defendants knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (internal quotation marks omitted). We assume for purposes of resolving this appeal that Mr. Blaurock has alleged the objective component for those claims and we consider whether he has satisfied the subjective component.

Mr. Blaurock asserted that Dr. Bumgartner failed to treat properly his neck, back, and shoulder injuries sustained at ECF.[2] He alleged that upon his arrival at HCF on May 22, 2007, his vital signs were checked, but his request for an X-ray was declined. He received a neck X-ray on January 14, 2008. Beginning in January 2008, Dr. Bumgartner administered chiropractic adjustments and prescribed Tylenol, Prednisone, and a steroid injection to treat Mr. Blaurock's neck injury and the related pain and numbness. Mr. Blaurock asserted that the chiropractic adjustments were sporadic and the other treatment did not relieve his symptoms or pain. In addition, he

---

[2]     Mr. Blaurock also sued defendant Goff as an assistant to Dr. Bumgartner. But the only allegation against Mr. Goff is found in the original complaint, which was superseded by the amended complaint. *See Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) ("[A]n amended complaint super[s]edes an original complaint and renders the original complaint without legal effect." (internal quotation marks omitted)). No claim was stated against Mr. Goff in the amended complaint.

alleged that he had requested a medical mattress. By May or June of 2011, however, he had been granted a medical lay-in status, a bottom bunk restriction, permission to refrain from exercise, and a lifting restriction of 10 to 15 pounds.

Mr. Blaurock's claim that he was not treated properly for his neck, back, and shoulder injuries (and the resulting pain) asserted only a disagreement with Dr. Bumgartner's choice of treatment and, at most, a claim that the doctor's actions were negligent. But "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Callahan*, 471 F.3d at 1159 (internal quotation marks omitted).

Next, for his claim that he was required to perform work beyond his capabilities, Mr. Blaurock asserted that his prison job supervisor, defendant Kroeker, assigned him a laundry porter job, even though he could not physically do the job and his hernia worsened as a result of his efforts.[3] His allegations that his work assignments violated the Eighth Amendment must "show a genuine issue as to the defendants' culpable state of mind, and an unnecessary and wanton infliction of pain." *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993). "In the work assignment context, prison officials are deliberately indifferent when they knowingly

---

[3]     Mr. Blaurock also sued defendant Hooks as a prison job supervisor, but, as with Goff, the only allegation against him is found in the original complaint, which was superseded by the amended complaint, and the latter articulated no claims against him. *See Mink*, 482 F.3d at 1254.

compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their health, or which is unduly painful." *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993) (internal quotation marks and alterations omitted). An attachment to Mr. Blaurock's complaint shows that Ms. Kroeker responded to Mr. Blaurock's grievance concerning his job assignment by pointing out that he had no medical restrictions on work assignments, a statement he does not challenge. Therefore, even if Mr. Blaurock adequately alleged the infliction of pain, he did not raise a genuine issue about Ms. Kroeker's culpable state of mind.

Finally, there are two allegations in the amended complaint that were not addressed by the district court. One is Mr. Blaurock's allegation that the defendants generally did not respond to his grievances in accordance with the prison grievance procedures set forth in Kan. Admin. Regs. §§ 44-15-101, 102 & 106. It is unclear whether he is seeking relief for violation of the regulations. It appears that he is noting the violations to support his assertion that he exhausted administrative remedies. In any event, he is not entitled to relief. None of his claims have been dismissed for failure to exhaust. And his allegations cannot support a claim against any defendant because they fail to assert the requisite "personal involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (internal quotation marks omitted); *see id.* (holding that "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983").

Therefore, any claim raised by Mr. Blaurock based on errors in grievance procedures was not improperly dismissed. *See Dummar v. Lummis*, 543 F.3d 614, 618 (10th Cir. 2008) ("We may affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court." (internal quotation marks omitted)).

The other unaddressed allegation is that Mr. Blaurock was a third-party beneficiary of the contract to provide medical services to prisoners between CCS and KDOC, and that he can therefore assert claims for breach of contract for failure to provide him medical care. The district court's omission is inconsequential, however, because this state-law claim "is best left for a state court's determination." *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010). Generally, "if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of [pendent] jurisdiction by dismissing the case without prejudice." *Id.* at 1229 (internal quotation marks and brackets omitted). We direct the district court on remand to dismiss this claim without prejudice.

### III. CONCLUSION

The judgment of the district court is affirmed, but we remand for the district court to modify the judgment to state that Mr. Blaurock's state-law claim is

dismissed without prejudice. Mr. Blaurock is reminded of his obligation to continue making partial payments until he has paid the entire appellate filing fee.

Entered for the Court


Harris L Hartz
Circuit Judge