1998 SD 69

**Lester K. RIPPLE and Maurine H. Ripple, Plaintiffs and Appellants,**

v.

**Roger WOLD and Nancy Wold, Defendants and Appellees.**

**No. 19987.**

Supreme Court of South Dakota.

Considered on Briefs On Rehearing April 29, 1998.

Decided July 1, 1998.

Reed C. Richards of Richards and Richards, Rapid City, and John J. Delaney of Estes, Porter & Delaney, Rapid City, for plaintiffs and appellants.

Gene N. Lebrun of Lynn, Jackson, Shultz & Lebrun, Rapid City, for defendants and appellees.

SABERS, Justice.

[¶ 1.] For the underlying facts of this lawsuit, see *Ripple v. Wold*, 1996 SD 68, 549 N.W.2d 673 (*Ripple I* ) and *Ripple v. Wold*, 1997 SD 135, 572 N.W.2d 439 (*Ripple II* ). This matter comes to us on our grant of Wolds' petition for rehearing of *Ripple II*.

[¶ 2.] In *Ripple II*, we reversed the trial court's dismissal of Ripples' lawsuit, which dismissal was based upon Ripples' failure to timely substitute parties after suggestion of death on the record. We ruled that the ninety-day limitation period of SDCL 15–6–25(a)(1) was not properly invoked because personal service of the suggestion of death was not made upon the successors or representatives of Ripples' estates in accordance with that statute.[1]

---

1. We raised this issue on our own motion, as we are required to do with jurisdictional questions. *See, e.g., In re Gillespi*, 397 N.W.2d 476, 477–78 (S.D.1986); *Deno v. Oveson*, 307 N.W.2d 862, 863 (S.D.1981).

According to SDCL 15–6–25(a)(1) and Fed. R.Civ.P. 25(a)(1), both the suggestion of death and the motion to substitute parties must be personally served upon "persons not parties"—that term has been construed to mean "specifi-

■ [¶ 3.] We granted Wolds' petition for rehearing pursuant to SDCL 15–30–4 and the parties submitted briefs. We now conclude that service of process of the suggestion of death was sufficient as to the Estate of Lester K. Ripple, deceased, as Attorney Reed Richards was served as resident agent for service of process on Wendy Jane Gregory, personal representative of the Estate of Lester K. Ripple, deceased.

■ [¶ 4.] No personal service was made on a duly authorized personal representative of Maurine H. Ripple, deceased, however, and therefore, the ninety-day limitation period of SDCL 15–6–25(a)(1) was never invoked as to her estate.[2]

[¶ 5.] *Ripple II* is modified accordingly: The trial court's order granting the motion to dismiss for failure to substitute parties within the ninety days of SDCL 15–6–25(a)(1) is affirmed as to the Estate of Lester K. Ripple, deceased. The order dismissing the case against Maurine H. Ripple, deceased, is reversed and remanded for further proceedings.

[¶ 6.] AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.

[¶ 7.] MILLER, C.J., dissents.

MILLER, Chief Justice (dissenting).

[¶ 8.] I dissent for all of the reasons set forth in my special writing in *Ripple II*, 1997 SD 135, ¶¶ 20–23, 572 N.W.2d at 444–45. I respectfully reiterate that the majority continues to base its decision on an issue not properly before us and which was never presented to the trial court.

[¶ 9.] What has occurred since the decision in *Ripple II* confirms the validity of the position articulated in my earlier dissent, i.e., we should not address these issues *sua*

cally the successors or representatives of the deceased party's estate." *Fehrenbacher v. Quackenbush*, 759 F.Supp. 1516, 1518 (D.Kan. 1991) (quoting *Grandbouche v. Lovell*, 913 F.2d 835, 836 (10th Cir.1990) (per curiam)). The *Grandbouche* court noted:

> While service of a suggestion of death on counsel will satisfy the requirement of Rule 25(a)(1) for service of *parties* to the litigation, the service required by Rule 25(a)(1) on nonparties, specifically the successors or representatives of the deceased party's estate, must be service pursuant to Fed.R.Civ.P. 4. *See Fariss v. Lynchburg Foundry*, 769 F.2d 958, 961 (4th Cir.1985) (to satisfy Rule 25(a)(1), motion for substitution or suggestion of death must be personally served on nonparty representative of deceased, rather than deceased's attorney).... In the instant case, because the personal representative of decedent's estate did not receive service of any purported suggestion of death, the ninety-day limitation period did not begin to run. *See [United States v. Miller Bros. Constr. Co.*, 505 F.2d 1031, 1034–35 (10th Cir.1974) ].

913 F.2d at 837 (emphasis added); *accord Barlow v. Ground*, 39 F.3d 231 (9th Cir.1994). *See also* 7C Wright, Miller & Kane, *Federal Practice & Procedure* § 1956, at 551 (1986) ("Thus the procedures of [Fed.R.Civ.P.] Rule 4 must be followed in serving the motion [for substitution] on the *representative or successor of a deceased party*.") (emphasis added).

South Dakota's parallel to Fed.R.Civ.P. Rule 4 is SDCL 15–6–4 and requires personal service of the summons. *See* SDCL 15–6–4(d)(10):

> The summons shall be served by delivering a copy thereof. Service in the following manner shall constitute personal service:
> . . .

> (10) In all other cases, to the defendant personally[.]

*See also* subdivision (9): "Whenever the manner of service of process is specified in any statute or rule relating to any action, remedy or special proceedings the manner of service so specified *shall* be followed[.]" (Emphasis added).

2. The rationale for requiring personal service on the representative or successor is explained as follows:

> Personal service of the suggestion of death on the representative achieves a salutary litigation function. It alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired.
> In addition to insuring that the decedent's representative has notice of the litigation, a supplemental reason for rejecting service on decedent's attorney alone is based on the law of agency. Because the attorney's power to act ceases with the client's death, counsel has no power to continue or terminate an action on behalf of a dead client.

6 *Moore's Federal Practice*, § 25.10[3][e], at 25–21 (Matthew Bender 3d ed.) (citations and internal quotation omitted); *accord Federal Practice & Procedure, supra*, § 1955, at 545 & n. 12:

> [The attorney for the deceased] is not himself a party to the action and, since his authority to represent the deceased terminated on the death, he is not a "representative of the deceased party" of the sort contemplated in the rule.

(Citations omitted) (noting also that the decedent's attorney may not suggest the death on the record).

*sponte.* The suggested pitfalls of such a practice have proven true. The petition for rehearing persuasively explained how the parties had never been given the opportunity to brief the issue upon which the majority had decided the case and that the facts did not support the majority's holding. Fortunately, the members of this Court agreed to grant rehearing. Then, after learning more of the facts and having the opportunity to consider relevant arguments from counsel (which I submit is an exercise more appropriately performed by a trial court), the majority was forced to modify its earlier holding.

[¶ 10.] Further, I respectfully suggest that the present majority holding does not go far enough. Because the issue of service was never presented to the trial court by counsel for the estate of Maurine H. Ripple, we should not undertake to do so *sua sponte.* What other pitfalls await us in that regard? Where does it end?

[¶ 11.] I would affirm the trial court's decision in its entirety.