#24999-a-PER CURIAM

**2009 SD 64**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

GENA ELIZABETH SWENSON,                 Plaintiff and Appellant,

      v.

CARRIE ELLA BROWN,                     Defendant and Appellee.

* * * *

APPEAL FROM THE CIRCUIT COURT
OF THE FIRST JUDICIAL CIRCUIT
DAVISON COUNTY, SOUTH DAKOTA

* * * *

HONORABLE SEAN M. O'BRIEN
Judge

* * * *

CHRIS A. NIPE of
Larson & Nipe
Mitchell, South Dakota             Attorneys for plaintiff
                                         and appellant.

JACK H. HIEB
ZACHARY W. PETERSON of
Richardson, Wyly, Wise, Sauk & Hieb LLP
Aberdeen, South Dakota           Attorneys for defendant
                                         and appellee.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 27, 2009

OPINION FILED **07/22/09**

#24999

PER CURIAM

[¶1.] Gena Swenson appeals the circuit court's dismissal of her personal injury action following the death of the defendant, Carrie Brown, and the lack of a motion to substitute for Brown within ninety days of the service of a suggestion of death by Brown's attorney pursuant to SDCL 15-6-25(a)(1). We affirm.

FACTS

[¶2.] On May 14, 2004, Swenson commenced this personal injury action against Brown following an automobile accident. Brown passed away on June 1, 2007. On March 28, 2008, a suggestion of death upon the record was served upon Swenson's counsel via first class mail by the attorney that represented Brown prior to her death. That document was filed with the circuit court on March 31, 2008. On that same day, the personal representative for Brown's estate also admitted service of the suggestion of death upon the record.

[¶3.] On July 10, 2008, Brown's attorney filed a motion to dismiss the action because no motion to substitute his deceased client was made within ninety days as required by SDCL 15-6-25(a)(1). This matter has been complicated because Swenson's attorney is a member of the firm that is now handling the estate for Brown. Swenson maintains that the suggestion of death did not trigger the ninety-day provision contained in SDCL 15-6-25(a)(1) because the attorney for the decedent is no longer a party to the action. Swenson did not file a motion to substitute for the decedent at any point or seek to extend the time for the filing of such motion pursuant to SDCL 15-6-6(b). The circuit court granted the motion to dismiss.

-1-

DISCUSSION

**[¶4.]** **Whether the circuit court erred as a matter of law in dismissing this action when a motion to substitute for the decedent was not made within ninety days following the suggestion of death upon the record.**

**[¶5.]** This case is controlled by the interpretation of SDCL 15-6-25(a)(1). Statutory interpretation is a question of law to be reviewed under the de novo standard of review. Discover Bank v. Stanley, 2008 SD 111, ¶15, 757 NW2d 756, 761 (citing Martinmaas v. Engelmann, 2000 SD 85, ¶49, 612 NW2d 600, 611).

> The purpose of statutory construction is to discover the true intention of the law which is to be ascertained primarily from the language expressed in the statute. The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Words and phrases in a statute must be given their plain meaning and effect. When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed.

*Id.* The same rule applies to construction of this Court's rules of civil procedure. *Id.* (citing Maynard v. Heeren, 1997 SD 60, ¶14, 563 NW2d 830, 835).

**[¶6.]** SDCL 15-6-25(a)(1) provides:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in § 15-6-5 and upon persons not parties in the manner provided in § 15-6-4 for the service of a summons. *Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.*

(Emphasis added.) Swenson argues that the circuit court erred in its determination that the motion to substitute must be made within ninety days following service of the suggestion of death or dismissal is required. However, that interpretation is supported by the plain language of the rule: "Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party." SDCL 15-6-25(a)(1).

[¶7.] Nevertheless, Swenson argues that the use of "may" in the first clause of the rule renders the dismissal discretionary. That provision states: "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." SDCL 15-6-25(a)(1). However, this permissive language is only invoked when a timely motion is made. A motion is timely if made "not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death." SDCL 15-6-25(a)(1). Any other interpretation would render the last sentence of SDCL 15-6-25(a)(1) meaningless and would do violence to its plain meaning. Consequently, Swenson's argument that the dismissal was discretionary and the circuit court abused its discretion is not supported by the plain language of the rule.

[¶8.] Significantly, the predicate question to this analysis is whether or not the suggestion of death served in this case was sufficient to trigger the ninety-day period. Swenson argues that counsel for Brown was not the proper party to serve the suggestion of death as his representation ended with her passing. Further,

Swenson argues that personal service of the suggestion of death upon her was required, and the service upon her counsel was ineffective, because of the conflict of interest that existed on this record. Essentially, Swenson is arguing there should be an exception to the plain language of SDCL 15-6-25(a)(1) and its service requirements based on a conflict of interest in this case.

[¶9.]        In support of the assertion that counsel for the decedent could not effectuate proper service, Swenson cites Ripple v. Wold, 1997 SD 135, 572 NW2d 439 (*Ripple II*); Ripple v. Wold, 1998 SD 69, 580 NW2d 625 (*Ripple III*); and London v. Adams, 1998 SD 41, ¶7, 578 NW2d 145, 147. In *Ripple II* and *Ripple III*, this Court addressed whether service of a suggestion of death under SDCL 15-6-25(a)(1) was properly made on the personal representatives for the estates. In those cases, the service was deemed defective when it was made on the decedents' attorneys and not on the personal representatives personally, as required by SDCL 15-6-25(a)(1). *Ripple II*, 1997 SD 135, ¶¶13-17, 572 NW2d at 442-44; *Ripple III*, 1998 SD 69, ¶3, 580 NW2d at 626. In reaching that holding, the Court indicated the following:

> The rationale for requiring personal service on the representative or successor is explained as follows:
>
>> Personal service of the suggestion of death on the representative achieves a salutary litigation function. It alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired.
>>
>> In addition to insuring that the decedent's representative has notice of the litigation, a supplemental reason for rejecting service on decedent's attorney alone is based on the law of agency. Because the attorney's power to act ceases with the client's death, counsel has no power to

> continue or terminate an action on behalf of a dead client.
>
> 6 *Moore's Federal Practice,* § 25.10[3][e], at 25-21 (Matthew Bender 3d ed.) (citations and internal quotation omitted); *accord Federal Practice & Procedure, supra,* § 1955, at 545 & n12:
>
> > [The attorney for the deceased] is not himself a party to the action and, since his authority to represent the deceased terminated on the death, he is not a "representative of the deceased party" of the sort contemplated in the rule.
>
> (Citations omitted) *(noting also that the decedent's attorney may not suggest the death on the record).*

*Ripple II,* 1997 SD 135, ¶14, 572 NW2d at 443; *Ripple III,* 1998 SD 69, ¶4, n2, 580 NW2d at 626 (emphasis added).[1]  Although the emphasized statement indicated above was dicta to the holding, it is an accurate, although not uncontroverted, statement of existing law in some jurisdictions, mostly federal courts interpreting

---

1.      In *London v. Adams*, also cited by Swenson, the following statement appears:

> McCahren argued that no suggestion of death had been formally served on him, so the time period for substituting a party could not have run.  The trial court ultimately concluded that a proper suggestion of death had not been made and that the ninety-day period for substituting a party had not run.  The court reasoned that, due to the death of his client, Harmon was not a representative of a party as contemplated by SDCL 15-6-25(a)(1) and, therefore, was without power to make a proper suggestion of death on the record.

1998 SD 41, ¶7, 578 NW2d at 147.  This statement is contained in the recitation of the facts and procedure in that opinion.  *Id.*  This Court did not discuss the propriety of the trial court's conclusion and it was not an issue in the appeal.  The statement does not even rise to the level of dicta in that case; it is a mere recitation of the history of the case.

the federal rule.[2]  If we were to accept that position, the suggestion of death served by the decedent's attorney would be considered a nullity.

[¶10.]        However, after examining the divergent authority on this issue we hold that SDCL 15-6-25(a)(1) allows for the service of the suggestion of death by the attorney formerly representing the decedent.  It is noteworthy that this is a separate inquiry than that considered in *Ripple II and Ripple III,* which addressed upon whom that suggestion of death must be served and in what manner.  In those cases the Court was not asked to determine who was qualified to serve the suggestion of death.  As articulated by the Second Circuit Court of Appeals in interpreting the nearly identical federal rule:

> [T]he text of Rule 25(a)(1) contains no such restriction on who may file the statement.  Moreover, such a restriction is inconsistent with the purpose in amending the rule to its present format.  Prior to 1963, Rule 25(a)(1) "result[ed] in an inflexible requirement that an action be dismissed as to a deceased party if substitution [was] not carried out within a fixed period measured from the time of the death."  Fed.R.Civ.P. 25 advisory committee notes, 1963 Amendment.  The present version of the rule, on the other hand, establishes a time limit starting from the time "information of the death is provided by means of a suggestion of death upon the record." *Id.*  Thus, Rule 25(a)(1) is designed to prevent a situation in which a case is dismissed because a party never learned of the death of an opposing party. Instead, the party is given 90 days from the time when it learns from compliance with Rule

---

2.    *See also* Charles Wright & Arthur Miller, *Federal Practice and Procedure,* Civil 3d § 1955 (2007):

> It has been held that the attorney for the deceased party may not make the statement noting the death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated in the rule.

25(a)(1) of the death of an opposing party to take appropriate action.

Unicorn Tales, Inc. v. Banerjee, 138 F3d 467, 469-70 (2ndCir 1998). *See also* Jones Inlet Marina, Inc. v. Inglima, 204 FRD 238, 240 (ED NY 2001)("It is permissible for the former attorney of the decedent to file the suggestion of death, even though the attorney-client relationship ceased."); Stoddard v. Smith, 27 P3d 546, 548-49 (Utah 2001)(holding that a suggestion of death may be filed by an attorney for the decedent).

[¶11.]     Additionally, in interpreting a virtually identical rule to SDCL 15-6-25(a)(1) as allowing the filing by the decedent's attorney, the Utah Supreme Court stated:

> This interpretation of our rule is consistent with the rule's purpose, which is to prevent undue delay in a lawsuit. The ninety-day time limitation for a party to file a motion for substitution ensures that the lawsuit will either continue forward or will be dismissed as to the deceased party. To accomplish this end, it is not necessary that a suggestion of death be filed only by a party or the successors or representatives of the deceased party. A suggestion of death may be filed by an attorney for the deceased party.
>
> Furthermore, this interpretation is also consistent with the ethical obligations imposed on attorneys, including those whose client dies. An attorney has an ethical obligation to take the necessary steps to protect a deceased client's interests immediately following the client's death, as suggested in the comment to rule 1.3 of the Rules of Professional Conduct;
>
> Unless the relationship is terminated as provided in Rule 1.14, a lawyer should carry through to conclusion all matters undertaken for a client.

*Stoddard*, 27 P3d at 549. This same provision appears in the comments to South Dakota Rule of Professional Conduct 1.3.

[¶12.]    Although unique, the situation here involving the conflicting representation of Swenson and Brown's estate highlights the need for a less restrictive view of the rule. In the absence of such an interpretation, the case could continue in the decedent's name pending another suggestion of death, although her counsel's representation has since ceased under that rule- a paradox that would exist if this Court were to hold the suggestion of death ineffective because the decedent's attorney is not qualified to serve the notice as the result of his client's death.

[¶13.]    Because we hold the suggestion of death was properly served, the circuit court did not err in dismissing this lawsuit because a motion to substitute parties was not filed within ninety days of the service of the suggestion of death as required by SDCL 15-6-25(a)(1). Further, the suggestion that personal service upon Swenson was required because of her attorney's conflict of interest is not supported by the rule and Swenson was properly served. Any issues raised by this record concerning the conflict of interest are best left for resolution in another proceeding.

[¶14.]    Affirmed.

[¶15.]    GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, MEIERHENRY, and SEVERSON, Justices, participating.